UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| VICKI WATKINS, | ) |
| Plaintiff, | ) Civil Action No. 5:11-224-JMH |
| v. | ) |
| OSCAR G. CARLSTEDT COMPANY | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

The Court has reviewed the Notice of Removal filed in this matter, as well as the Complaint, which was originally filed in Fayette Circuit Court [Record No. 1].

In that Complaint, Plaintiff avers that Defendant negligently maintained the parking lot on its premises, which resulted in her injury. [Compl. at ¶¶ 3-9.] Plaintiff seeks compensatory damages for past and future medical expenses, permanent impairment of her ability to earn money as well as physical and mental pain and suffering. [Compl. at ¶¶ 7-9.] Plaintiff does not specify an amount of damages, and Defendant states only that "[b]ased upon information and belief, Oscar G. Carlstedt Company believes that the Plaintiff's aggregate claim for damages is in excess of $75,000.00..." [Record No. 1, ¶ 6.]

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater

or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Finance Corp. II,* 593 F.Supp.2d 958, 959 (E.D. Ky. 2009) (emphasis in original) (quoting *Gafford v. Gen. Elec. Co.,* 997 F.2d 150, 158 (6th Cir. 1993)(abrogated on other grounds)). Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. *Id.* (holding that defendant offered "mere averments" and not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, 'it is clear that the amount in controversy threshold is met'"). *See also Hackney v. Thibodeaux*, Civil Action No. 10-35-JBC, 2010 WL 1872875, *2 (E.D.Ky. May 10, 2010) (holding that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In its Notice of Removal, Defendant does not specify what information it relies on for the basis that the amount in controversy exceeds $75,000. While it appears from the record that Defendant propounded a Request for Admission regarding the amount

in controversy to the Plaintiff, Defendant fails to identify whether it was a response to this document (or the lack of response to that document) or some other information on which it relies. The information provided is not alone sufficient, and, unless Defendant can offer some competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Fayette Circuit Court.

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendants shall **SHOW CAUSE** on or before **July 27, 2011,** why this matter should not be remanded to Fayette Circuit Court.

This the 20th day of July, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge